### MARJORIE VORONUK *v.* ELECTRIC BOAT CORPORATION ET AL.
### (AC 29589)

DiPentima, Robinson and West, Js.

---

Argued September 9—officially released December 1, 2009

*Carolyn P. Kelly,* for the appellant (plaintiff).

*Peter D. Quay,* for the appellee (named defendant).

*Michael J. McAuliffe,* for the appellees (defendant ACE USA et al.).

*Marian H. Yun,* for the appellee (defendant Liberty Mutual Insurance Company).

*Opinion*

WEST, J. In this workers' compensation matter, the plaintiff, Marjorie Voronuk, appeals from the decision of the workers' compensation review board (board) affirming the workers' compensation commissioner's dismissal of her claim against the defendant Electric

Boat Corporation[1] for survivor's benefits pursuant to General Statutes § 31-306. On appeal, the plaintiff claims that board improperly concluded that the commissioner properly applied the substantial contributing factor test when he found that the decedent's workplace exposure to asbestos was not a substantial contributing factor in his death. We affirm the decision of the board.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. Joseph Voronuk, the plaintiff's late husband, who died in 1995, testified by deposition on November 14, 1989, that he first worked for the defendant in 1942 as a shipfitter for approximately six months to one year and that during that period he was exposed to asbestos while on the job. He and the plaintiff were married in 1947 and remained married and living together until his death. He resumed employment with the defendant in 1951 as a carpenter. He testified that in the course of his employment as a carpenter for the defendant he was exposed to asbestos. He testified that in 1982, due to complaints of chest pain, he was examined by Paul Gerity, a physician. Gerity's notes of the examination reveal that the decedent was fearful that his prolonged exposure to asbestos on the job made him susceptible to asbestosis. The decedent's medical records show that from October, 1982, through April, 1986, he was treated by Gerity and William G. Crawford, another physician, for, among other things, complaints of chest pain. The decedent also testified that in 1985, at the defendant's request, he had a medical screening for asbestosis performed by personnel at Boston University Medical Center. It was as a result of this medical screening that he first learned of his diagnosis of asbestosis.

---

[1] In addition to Electric Boat Corporation, ACE USA, St. Paul Travelers and Liberty Mutual Insurance Company also were named as defendants. For convenience, we refer in this opinion to Electric Boat Corporation as the defendant.

On March 17, 1986, he filed with the commissioner a form 30-C, claiming that his lung disease was a result of workplace exposure to lung irritants. The decedent retired from the defendant's employ in 1986.

The decedent thereafter continued to monitor and to treat his lung condition, although it worsened. In September, 1993, he was hospitalized and diagnosed with congestive heart failure, cardiomyopathy, asbestosis and chronic obstructive pulmonary disease. He was again hospitalized in July and November, 1994, due to complications resulting from congestive heart failure, pleural effusions, cardiomegaly, chronic obstructive pulmonary disease, hypoxia and asbestosis. He died on October 13, 1995. His death certificate listed the immediate cause of death as cardiorespiratory arrest due to cardiomyopathy and congestive heart failure. It also listed diabetes mellitus as another condition contributing to death but not related to cause.

On December 6, 1995, the plaintiff filed with the commissioner a form 30-C seeking survivor's benefits. In 1996, Mark R. Cullen, a physician, reviewed the decedent's medical records and prepared a report that the plaintiff submitted to the commissioner. Cullen's report initially set out the basis for the opinions contained therein and concluded: "Putting all the above information into context, it would be my opinion that underlying restrictive lung disease was a contributory factor in the development of cardiorespiratory failure which ultimately caused [the decedent's] demise in 1995. Since his interstitial lung disease was due to asbestosis, I would consider his work exposure contributory to his death." This report, along with the death certificate, was the only evidence the plaintiff submitted concerning the cause of the decedent's death.[2] In a decision dated

[2] The plaintiff submitted into evidence several other exhibits concerning the diagnosis of asbestosis, including medical reports from Gerity, Crawford and other physicians, records generated from inpatient hospital stays and X rays, as well as the decedent's November 14, 1989 deposition.

November 28, 2006, the commissioner dismissed the plaintiff's claim for survivor's benefits, stating: "The decedent's death was caused, in part, by his exposure to asbestos while employed with the respondent. Regretfully, I find and conclude that no physician or medical report opined that this exposure and resulting asbestosis was a substantial and/or significant contributing factor to his death. At best, it was a 'contributing factor.' . . . As such, the [plaintiff's] claim for survivor's benefits must fail." The plaintiff appealed to the board, which affirmed the commissioner's decision. The board concluded that Cullen's report "lack[ed] any evaluation as to the relative weight of the [various] factors [that contributed to the decedent's death], and it would be conjecture to infer [that the plaintiff's expert] had an opinion as to the relative significance of any specific risk factor from the text of the report." This appeal followed. Additional facts will be put forth as necessary.

Preliminarily, we set forth the applicable standard of review. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the . . . board nor this court has the power to retry facts. . . . [O]n review of the commissioner's findings, the [review board] does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. . . . The finding of the commissioner cannot be changed unless the record discloses that the finding includes facts found without evidence or fails to include

material facts which are admitted or undisputed. . . . If supported by competent evidence and not inconsistent with the law, the commissioner's inference that an injury did or did not arise out of and in the course of employment is, thus, conclusive." (Internal quotation marks omitted.) *Hummel* v. *Marten Transport, Ltd.*, 114 Conn. App. 822, 842–44, 970 A.2d 834, cert. denied, 293 Conn. 907, 978 A.2d 1109 (2009).

We also note that traditional concepts of proximate cause furnish the appropriate analysis for determining causation in workers' compensation cases. See *Dixon* v. *United Illuminating Co.*, 57 Conn. App. 51, 60, 748 A.2d 300, cert. denied, 253 Conn. 908, 753 A.2d 940 (2000). "[T]he test for determining whether particular conduct is a proximate cause of an injury [is] whether it was a substantial factor in producing the result." (Internal quotation marks omitted.) Id.

On appeal, the plaintiff claims that the board improperly concluded that the commissioner properly applied the substantial contributing factor test when he found that workplace exposure to asbestos was not a substantial contributing factor in the decedent's death. Specifically, the plaintiff claims that the board improperly ruled that the commissioner had discretion to deny her claim for survivor's benefits once the commissioner found that the decedent's death was caused, in part, by workplace exposure to asbestos. Furthermore, the plaintiff contends, because the word contribute "carries in itself the significance of a causal connection between the negligence and the injury"; *Smirnoff* v. *McNerney*, 112 Conn. 421, 425, 152 A. 399 (1930); once there was a finding that the workplace injury contributed to the decedent's death and was a cause of death, the commissioner, as a matter of law, was required to make a finding that it was trivial or de minimis for it *not* to be found a substantial factor.

The plaintiff contends that our Supreme Court in *Birnie* v. *Electric Boat Corp.*, 288 Conn. 392, 953 A.2d 28 (2008), defined the "substantial factor" test of causation in a workers' compensation case such that it is met if the "employment, or the risks incidental thereto, contribute[d] to the development of the injury in *more than a de minimis way*." (Emphasis in original.) Id., 412–13. Furthermore, in light of the precedent set forth in *Birnie*, the plaintiff argues that once the workplace exposure was found to be a cause of the decedent's death, the only means to "defeat" it as a substantial factor in causing his death was for the commissioner to find that it was a trivial or de minimis cause such that the law could not recognize it as a cause. Therefore, because there was no such finding, the commissioner improperly determined that workplace exposure was not a substantial factor in the decedent's death and we should reverse the board's decision affirming the commissioner's decision. Alternatively, the plaintiff argues that the case should be remanded to the commissioner with direction to determine whether the workplace exposure was a trivial or de minimis cause. We are not persuaded.

In *Birnie*, our Supreme Court had to determine "whether the causation standard applied by a United States Department of Labor administrative law judge . . . in a prior proceeding brought under the federal Longshore and Harbor Workers' Compensation Act . . . is less stringent than the 'substantial factor' causation standard utilized in cases brought under the state Workers' Compensation Act . . . such that the relitigation of causation under the state act is barred by the doctrine of collateral estoppel." *Birnie* v. *Electric Boat Corp.*, supra, 288 Conn. 394. In making that determination, the court examined in great detail and at some length the substantial factor standard as applied in workers' compensation cases under the state act. See

id., 409–13. Our Supreme Court stated: "In accordance with our case law, therefore, the substantial factor causation standard simply requires that the employment, or the risks incidental thereto, contribute to the development of the injury in *more than a de minimis way*." (Emphasis in original.) Id., 412–13. The plaintiff's argument that this language, read in the context of the applicable precedential guidance, somehow removed from the commissioner the discretion to deny the plaintiff's claim once he decided that workplace exposure caused, in part, the decedent's death, simply is untenable. Nowhere does the *Birnie* opinion expressly state such to be the case, and such a reading cannot, in light of established precedent, reasonably be inferred. Moreover, such a reading would render the substantial factor test nugatory.

The procedural posture that provided the context in which the court in *Birnie* addressed the substantial factor test, as well as the context in which the quoted language on which the plaintiff depends appears, underscores our conclusion. *Birnie* involved extending collateral estoppel to decisions on causation reached in a contested hearing awarding benefits under federal law. Therefore, in *Birnie*, when our Supreme Court set out the history and parameters of the substantial factor test, it was confronted with determining whether the substantial factor test was more or less rigorous than the test applied by federal administrative law judges in adjudications involving the federal law. As a result, it is clear that the court's aim was not to clarify—much less alter—the substantial factor test but to explicate it in such a way as to facilitate a fair comparison with the federal test in question. The substantial factor test remains as it was prior to *Birnie*, and the plaintiff's argument otherwise is unfounded.[3] We conclude, in

---

[3] Further supporting our conclusion that the court did not intend in *Birnie* to alter the substantial factor test to mean that once a workplace exposure is found to be a cause of an injury, the only means to "defeat" it as a

light of the precedents that guide us, that the board did not improperly find that the commissioner retained his discretion to conclude that a cause of the decedent's death was not, as a matter of law, a "substantial contributing factor" in his death, as required under our workers' compensation scheme.

Last; our review of the record reveals that the commissioner did not abuse his discretion in concluding that workplace exposure was not a substantial factor in causing the decedent's death. The plaintiff claims that the commissioner improperly denied her claim because her expert did not use the term "substantial" when he concluded that workplace exposure was a contributory factor in the decedent's death. The plaintiff essentially argues that the commissioner was looking for the "magic word," such as "substantial" or "significant."

substantial factor in causing that injury is for the commissioner to find that it was a trivial or de minimis cause such that the law could not recognize it as a cause, is the very description of the substantial factor test that precedes the quoted language on which the plaintiff relies. It reads, in relevant part: "The substantial factor standard was adopted not only to distinguish compensable injuries from those that are merely contemporaneous or coincident with the employment, but also to distinguish those injuries where the employment play[s] a part of so minor a character that the law cannot recognize [it] as [a cause]. [Moreover] [c]auses traced clear to the end which become of trivial consequences, mere incidents of the operating cause, may be, in a sense, factors, but are so insignificant that the law cannot fasten responsibility upon one who may have set them in motion. They are not substantial factors as operative causes. To be factors of this degree they must have continued down to the moment of the damage, or, at least, down to the setting in motion of the final active injurious force which immediately produced (or preceded) the damage." (Citation omitted; internal quotation marks omitted.) *Birnie* v. *Electric Boat Corp.*, supra, 288 Conn. 411.

Further supporting our conclusion is the footnote immediately following the quoted portion of the opinion. It states in relevant part: "As the question of whether the conditions of employment are a substantial factor in bringing about an injury is one of fact . . . and considering that what constitutes a substantial factor will, therefore, vary with the circumstances of each case, *an attempt to articulate a more precise standard may, in practice, be unnecessarily restrictive, and may inadvertently foreclose a claimant's right to compensation.*" (Citation omitted; emphasis added.) Id., 413 n.11.

The plaintiff's reading of the commissioner's conclusion is too narrow. We conclude that the commissioner merely was stating that the plaintiff had failed to carry her burden[4] of proving that the asbestos exposure was a substantial contributing factor in the decedent's death. It is clear that the commissioner's phrase, "no physician or medical report opined that this exposure and resulting asbestosis was a substantial and/or significant contributing factor to [the decedent's] death," can be reasonably interpreted to mean, "there is not sufficient evidence on the record to support a finding that this exposure and resulting asbestosis was a substantial and/or significant contributing factor to his death." Opine means to express or make known an opinion See Merriam-Webster's Collegiate Dictionary (11th Ed. 2005). Properly read, the conclusion that "no physician or medical report [expressed an opinion] that this exposure and resulting asbestosis was a substantial and/or significant contributing factor to [the decedent's] death" clearly does not include a demand for "magic" words of any sort.

Also, the record clearly supports such a finding. As noted previously, the only evidence in the record directly relating to the decedent's death consisted of the two page report from Cullen and the death certificate. We agree with the board that Cullen's "report lack[ed] any evaluation as to the relative weight of the [various] factors [that contributed to the decedent's death], and it would be conjecture to infer [that the plaintiff's expert] had an opinion as to the relative significance of any specific risk factor from the text of the report." Because "[t]he conclusions drawn by [the commissioner] from the facts found must stand unless they

[4] "It is well settled in workers' compensation cases that the injured employee bears the burden of proof, not only with respect to whether an injury was causally connected to the workplace, but that such proof must be established by competent evidence." *Keenan* v. *Union Camp Corp.*, 49 Conn. App. 280, 282, 714 A.2d 60 (1998).

result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them"; (internal quotation marks omitted) *Hummel* v. *Marten Transport, Ltd.*, supra, 114 Conn. App. 842; we conclude that the commissioner properly applied the substantial contributing factor test when he found that workplace exposure to asbestos was not a substantial contributing factor in the decedent's death and, therefore, properly dismissed the plaintiff's claim.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.